IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DELRON MONTREZ PICKENS,<br><br>Defendant. | Case No. 24-00157-01-CR-W-SRB |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, the parties described below have entered into the following plea agreement:

1. **The Parties.** The parties to this agreement are the United States Attorney's Office for the Western District of Missouri ("the Government") and Delron Montrez Pickens ("the defendant"), represented by Lesley Smith. The defendant understands and agrees that this plea agreement is only between the defendant and the Government and that it does not bind any other federal, state, or local prosecution authority or any other government agency, unless otherwise specified.

2. **Defendant's Guilty Plea.** The defendant agrees to plead guilty to Count One of the indictment that charges the defendant with violating 18 U.S.C. § 922(a)(1)(A), § 923(a), and § 924(a)(1)(D), that is, engaging in firearm sales without a license. By entering into this plea agreement, the defendant admits to committing this offense and to being guilty of this offense.

3. **Statutory Penalties.** The defendant understands Count One of the indictment carries the following maximum penalties: not more than five years' imprisonment, not more than three (3) years' supervised release, a fine of not more than $250,000, and a $100 mandatory special assessment that must be paid in full at the time of sentencing. The defendant further

understands that this offense is a Class D felony, and that restitution may be ordered as further described below.

4. **Factual Basis for Guilty Plea.** The parties stipulate that the following facts are true and establish both a factual basis for the defendant's guilty plea and the defendant's guilt beyond a reasonable doubt:

Between August 11, 2017, and March 15, 2021, Defendant Delron Montrez Pickens purchased 19 firearms from federally licensed firearms dealers in Cass, Jackson and Clay counties, Missouri, all within the Western District of Missouri. During this same period of time, Pickens completed 22 ATF 4473 forms when he either purchased these firearms or recovered them from pawn shops. The defendant also completed one (1) additional ATF 4473 form on April 14, 2021, when he attempted to recover one of the firearms from a pawn shop, but the firearm was not transferred to Pickens. In total, the defendant completed 23 ATF 4473 forms for the transfer or attempted transfer of firearms to himself between August 11, 2017, and April 14, 2021. Pursuant to this plea agreement, the defendant admits that he will fully engaged in the business of dealing firearms. He purchased the firearms with the purpose of transferring those firearms to other persons, one of whom was a felon. Pursuant to this plea agreement, the defendant also admits that he sold firearms for profit to persons who he knew were prohibited from possessing firearms and he did so despite the fact that he was not licensed to deal firearms (*i.e.*, the defendant was not a Federal Firearms Licensee (FFL)).

On June 17, 2021, ATF investigators conducted a non-custodial interview of Pickens, regarding his illegal purchase and distribution of firearms. The interview was conducted at the ATF Kansas City Group II field office. During the interview, the defendant admitted to falsifying several ATF 4473 forms in connection with the acquisition of firearms. The defendant admitted that he listed an incorrect address as his residence as he had not updated his address on his identification card, and he did not want to interfere with the purchase of the firearms. The defendant further admitted that for the purchases identified in the indictment, that he served as a straw purchaser of firearms. Below is a summary of the evidence relating to those purchases and sales of firearms.

<u>**Count Two:**</u>

On March 4, 2020, Pickens purchased a Ruger, Model SR9C, 9mm caliber pistol, bearing serial number 332-19189, and ammunition from an FFL located in Raytown, Jackson County, Missouri, within the Western District of Missouri. Pickens completed an ATF Form 4473 on which he claimed he was the actual buyer/transferee of the firearm, and he falsely indicated his residence was located at 5428 Willow Avenue, Raytown, Jackson County, Missouri 64133. On August 16, 2020, the KCMOPD recovered this firearm from

2

an individual who was a convicted felon. During the non-custodial interview of Pickens on June 17, 2021, Pickens stated the following regarding this transaction:

      i. Pickens admitted that he purchased this firearm at the request of and for his brother.

      ii. Pickens stated that his cousin drove Pickens to the FFL in Raytown to purchase this firearm and ammunition.

      iii. Pickens stated he paid cash for these items and provided them to his brother.

**Count Three:**

On March 26, 2020, Pickens purchased a Smith & Wesson, Model SD40VE, .40 caliber, pistol, bearing serial number FWK5240, from a pawn shop FFL, located in Kansas City, Jackson County, Missouri, within the Western District of Missouri. Pickens completed an ATF Form 4473 on which he claimed he was the actual buyer/transferee of the firearm, and he falsely indicated his residence was located at 5428 Willow Avenue, Raytown, Jackson County, Missouri 64133. During the non-custodial interview of Pickens on June 17, 2021, Pickens stated the following regarding this transaction:

      i. Pickens stated that his brother drove Pickens to the aforementioned pawn shop to purchase this firearm, but defendant's brother did not go into the store with him.

      ii. Pickens stated that he later sold this firearm to a person he specified during the interview. Pickens reported that he sold this firearm in either November or December of 2020. In November and December of 2020, the persons Pickens sold this firearm to was prohibited from possessing firearms in the State of Missouri.

**Count Four:**

On June 2, 2020, Pickens purchased a Smith & Wesson, Model M&P 40 Shield, .40 caliber pistol, bearing serial number JES1497, from an FFL located in Belton, Cass County, Missouri, within the Western District of Missouri. Pickens completed an ATF Form 4473 on which he claimed he was the actual buyer/transferee of the firearm, and he falsely indicated his residence was located at 5428 Willow Avenue, Raytown, Jackson County, Missouri 64133. On June 27, 2020, Pickens pawned this firearm at a pawn shop, located Kansas City, Jackson County, Missouri. On July 2, 2020, Pickens recovered this firearm from the pawn shop. On September 1, 2020, Pickens again recovered this firearm from the same pawn shop. During the non-custodial interview of Pickens on June 17, 2021, Pickens stated the following regarding this transaction:

      i. Pickens purchased this firearm at the request of and for his brother.

ii. Pickens stated that his brother accompanied the defendant when he went to the FFL in Belton to purchase this firearm.

iii. The defendant stated that his brother paid the defendant $150.00 in United States currency for illegally purchasing this firearm for him.

iv. Pickens stated that he purchased this pistol with his own money, and that his brother later repaid the defendant for the cost of this firearm.

v. Pickens admitted that he later pawned this firearm and recovered it from the pawn shop for his brother on multiple occasions. The defendant stated that his brother paid him $50.00 in United States currency each time the defendant pawned it and recovered it from the pawn shop.

**Count Five:**

On July 1, 2020, the defendant purchased a Smith & Wesson, Model SD40VE, .40 caliber pistol, bearing serial number FCJ9958, from an FFL in Belton, Cass County, Missouri, located within the Western District of Missouri. Pickens completed an ATF Form 4473 on which he claimed he was the actual buyer/transferee of the firearm, and he falsely indicated his residence was located at 5428 Willow Avenue, Raytown, Jackson County, Missouri 64133. During the non-custodial interview of Pickens on June 17, 2021, Pickens stated the following regarding this transaction:

i. Pickens stated that he purchased this firearm at the request of and for an individual the defendant identified during the interview. On July 1, 2020, this person was prohibited from possessing firearms in the State of Missouri.

ii. The defendant stated that he went with this prohibited person to the aforementioned FFL in Belton to purchase this firearm.

iii. Prior to the purchase of this pistol, the real buyer gave the defendant $365.00 in United States currency to purchase this firearm. Pickens recalled that the pistol cost approximately $300.00, and that Pickens kept the remaining approximately $65.00 as payment for illegally purchasing the firearm for the real buyer who was prohibited from making the purchase.

iv. Pickens stated that the real buyer later told the defendant that he had sold this pistol to someone else.

**Count Six:**

On November 3, 2020, Pickens purchased an ATI, Model Mil-Sport, 5.56mm caliber rifle, bearing serial number MSA054436, and ammunition from an FFL in Raytown, Jackson County, Missouri, within the Western District of Missouri. Pickens completed an ATF Form 4473 on which he claimed he was the actual buyer/transferee of the firearm, and he falsely indicated his residence was located at 5428 Willow Avenue, Raytown, Jackson County, Missouri 64133. During the non-custodial interview of Pickens on June 17, 2021, Pickens stated the following regarding this transaction:

  i. Pickens stated that he purchased this rifle and ammunition at the request of and an individual he identified during the interview. On November 3, 2020, this person who the defendant identified was prohibited from possessing firearms in the State of Missouri.

  ii. After Pickens and this prohibited purchaser, both held and inspected this rifle in the store. The real buyer indicated that he wanted Pickens to purchase it for him. While Pickens was completing the ATF form 4473 for the purchase of this rifle, the real purchaser placed his debit card on the counter next to the defendant, and the defendant picked up the debit card and used it to purchase the rifle and ammunition.

  iii. The real purchaser dropped the defendant off at his residence after the firearm purchase. The real purchaser retained control of the rifle as it remained in his vehicle after the defendant exited it.

  iv. ATF SA Robert Millier showed the defendant screen shots of video surveillance recordings captured by the FFL's video surveillance system on November 3, 2020. Pickens identified himself and rea purchaser in these images. Several of these images captured the defendant and the real purchaser holding and inspecting what appeared to be an AR-15 type rifle. Pickens confirmed that the firearm in these images, which both he and real purchaser were holding, was the ATI, Model Mil-Sport, 5.56mm caliber rifle, bearing serial number MSA054436, that the defendant purchased as a straw purchaser.

  v. The defendant stated that he received a sum of $150.00 in United States currency for purchasing this rifle for the prohibited person.

**Count Seven:**

On March 15, 2021, Pickens purchased a Glock, Model 19, 9mm caliber pistol, bearing serial number BSKH764, and a Glock, Model 19, 9mm caliber pistol, bearing serial number BSKH774, from an FFL located in Liberty, Clay County, Missouri, within the Western District of Missouri. Pickens completed an ATF Form 4473 on which he claimed he was the actual buyer/transferee of the firearm, and he falsely indicated his residence was located at 5428 Willow Avenue, Raytown, Jackson County, Missouri

64133. During the non-custodial interview of Pickens on June 17, 2021, Pickens stated the following regarding this transaction:

 i. The defendant stated that his brother drove him to the store in his brother's vehicle. The defendant's brother accompanied him into the FFL. Pickens identified images of a black male, captured by the store's video surveillance system on March 15, 2021, the defendant's brother.

 ii. Pickens paid for both pistols with his H&R Block Emerald, pre-paid debit card. Pickens showed this card to SA Millier, and SA Millier took photographs of the front and back of this card during the interview. Pickens stated that he had used his economic impact (stimulus) payment to pay for the pistols.

 iii. Regarding the Glock model 19, 9mm caliber pistol, bearing serial number BSKH764, Pickens stated the following:

  1. Pickens purchased this firearm at the request of and for his brother. The defendant's brother gave Pickens $300.00 in United States currency before they arrived at the store on March 15, 2021. Pickens had loaned his brother the rest of the money that Pickens paid toward the purchase the pistol. The defendant's brother had not yet paid Pickens back for the total cost of the purchase of this pistol.

  2. At the time of the interview, Pickens reported that he had last seen his brother on June 16, 2021, and believed that his brother still possessed the firearm.

5. **Use of Factual Admissions and Relevant Conduct.** The defendant understands and agrees that the facts contained in paragraph 4 and other portions of this plea agreement, as well as admissions the defendant makes during the change of plea hearing, will be used to determine the defendant's guilt and the defendant's advisory sentencing range under the United States Sentencing Guidelines. The defendant likewise understands and agrees that the conduct charged in any dismissed counts of the indictment and all other uncharged related criminal activity may be considered as "relevant conduct" for purposes of calculating the defendant's advisory sentencing range under the Guidelines.

6

Case 4:24-cr-00157-SRB   Document 30   Filed 01/20/26   Page 6 of 15

The defendant further understands that Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 ordinarily limit the admissibility of statements made by a defendant during plea discussions or plea proceedings if a guilty plea is later withdrawn. The defendant knowingly and voluntarily waives the rights that arise under those rules and agrees that any such statements, as well as the facts contained in paragraph 4 and other portions of this plea agreement, may be used against the defendant at any time and in any proceeding should the defendant withdraw from this plea agreement.

6. **Sentencing Procedures.** The defendant understands that in determining the appropriate sentence, the Court may impose any sentence authorized by law. While the Court must consider the United States Sentencing Guidelines, the Guidelines are advisory and do not bind the Court. The Court will determine the defendant's advisory sentencing range under the Guidelines at sentencing, but the Court may impose a sentence either above or below that range, so long as that sentence is reasonable.

The defendant further understands that the Court will find facts by a preponderance of the evidence for all issues pertaining to the determination of the defendant's sentence, including the defendant's advisory sentencing range under the Guidelines. The defendant waives any right to a jury finding beyond a reasonable doubt of all facts used to determine the sentence imposed and waives any right to have those facts alleged in an indictment. The defendant also understands that in finding the facts relevant to the imposition of the defendant's sentence, the Court may consider any reliable information, including hearsay, and that the Court will not be bound by any recommendation regarding the application of the Guidelines or the sentence to be imposed made by the United States Probation Office or the parties.

The defendant likewise understands that any term of imprisonment the Court may impose will not allow for parole and that in addition to a term of imprisonment the Court may impose a

7

term of supervised release. The defendant further understands that a violation of a condition of supervised release could result in the Court imposing an additional term of imprisonment as well as an additional term of supervised release to follow, both subject to the statutory maximums set forth in 18 U.S.C. § 3583.

7. **Government's Agreements.** Based upon evidence in its possession at this time, the Government agrees not to pursue any additional charges against the defendant for any federal criminal offenses related to illegal firearms trafficking for which it has venue and that arose out of the defendant's conduct described above. Additionally, the Government agrees to dismiss Two through Seven at sentencing.

The defendant understands that this plea agreement does not foreclose any prosecution for murder or attempted murder; physical or sexual violence; aiding and abetting, attempting, soliciting, or conspiracy to commit murder or physical or sexual violence; and any criminal activity currently unknown to the Government.

8. **Preparation of Presentence Report.** The defendant understands and agrees the Government will provide the Court and the United States Probation Office a version of the offense conduct. This may include information concerning the background, character, and conduct of the defendant, including the entirety of the defendant's criminal activities. The defendant understands these disclosures are not limited to the count to which the defendant will plead guilty. The Government may respond to comments made or positions taken by the defendant or the defendant's counsel and may correct any misstatements or inaccuracies.

9. **Withdrawal of Plea.** Except for change of plea hearings before a United States Magistrate Judge, either party reserves the right to withdraw from this plea agreement at any time prior to the United States District Judge formally accepting the defendant's plea of guilty. In

the event of such withdrawal, the parties will be restored to their pre-plea agreement positions to the fullest extent possible.

If the defendant waives the right to plead guilty before a District Judge and consents to plead guilty before a United States Magistrate Judge, then the parties' rights to withdraw from this plea agreement for any reason terminate upon the Magistrate Judge's completion of the change of plea hearing with a recommendation that the guilty plea be accepted.

After the District Judge accepts the defendant's guilty plea, or the Magistrate Judge completes the change of plea hearing, the defendant may withdraw the plea only if the defendant can show a fair and just reason for requesting the withdrawal. The defendant understands that if the Court accepts the plea, the defendant may not withdraw the plea solely because of the nature or length of the sentence imposed, including if the Court imposes a sentence that is outside the defendant's advisory sentencing range under the United States Sentencing Guidelines or a sentence that the defendant does not expect, like, or agree with.

**10.** **Agreed Guidelines Applications.** With respect to the application of the United States Sentencing Guidelines to this case, the parties stipulate and agree as follows:

   a. The applicable Guidelines section for the offense of conviction is U.S.S.G. § 2K2.1, which provides for a base offense level of <u>at least</u> 12.

   b. The parties agree that there a four-level enhancement is appliable as the offense involved between 8 and 24 firearms. *See* U.S.S.G. § 2K2.1(b)(1)(B).

   c. The defendant has admitted guilt and clearly accepted responsibility for the defendant's actions, entitling the defendant to a two-level reduction pursuant to U.S.S.G. § 3E1.1(a). In addition, the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and the Court to allocate their resources efficiently. Consequently, if the Court finds the defendant's total offense level to be 16 or higher, the defendant is entitled to an additional one-level reduction pursuant to U.S.S.G. § 3E1.1(b). This plea agreement constitutes the Government's written motion with the Court for that reduction. This motion will be withdrawn, and the

9

Case 4:24-cr-00157-SRB    Document 30    Filed 01/20/26    Page 9 of 15

Government will be free to withdraw its recommendation that the defendant receive any reduction for acceptance if, after entering into this plea agreement, the defendant (1) fails to abide by all of the terms and conditions of this plea agreement and the defendant's pretrial release, (2) attempts to withdraw the defendant's guilty plea, (3) violates the law, or (4) otherwise engages in conduct inconsistent with the defendant's acceptance of responsibility as described in U.S.S.G. § 3E1.1 and its commentary.

d. The parties have not reached an agreement regarding the defendant's criminal history category. The parties agree that the Court will determine the defendant's applicable criminal history category after receipt of the presentence report prepared by the United States Probation Office. The parties reserve the right to contest that determination.

e. The Government agrees not to seek any departure from or recommend a sentence outside of the defendant's advisory sentencing range under the Guidelines. The defendant may seek a downward variance or a downward departure from the Guidelines range deemed applicable by the Court. This agreement by the parties does not bind the Court or the United States Probation Office, and the Court may impose any sentence authorized by law.

f. The parties acknowledge and agree that there are no agreements between the parties with respect to any Guidelines issues other than those specifically listed in this paragraph, including its subparagraphs. As to any other Guidelines issues, the parties are free to advocate their respective positions before the Court.

11. **Financial Disclosures.** The defendant will fully and truthfully disclose all assets and property in which the defendant has any interest or over which the defendant exercises direct or indirect control, including assets and property held by a spouse, nominee, or other third party. These disclosure obligations are ongoing and in force from the execution of this agreement until all financial obligations arising from the defendant's guilty plea—including any forfeiture judgment, restitution order, fine, or assessment—are satisfied in full. The defendant likewise agrees to assist the Government in identifying, locating, returning, and transferring assets for use in payment of restitution, forfeiture, fines, or assessments ordered by the Court.

Within 10 days of signing this plea agreement, the defendant will execute and provide the Government (1) a Tax Information Authorization form; (2) an Authorization to Release Information; (3) a completed financial disclosure statement; and (4) copies of financial

information that the defendant submitted to the United States Probation Office. The defendant likewise authorizes the Government to obtain the defendant's credit report. If requested by the Government, the defendant agrees to submit to one or more sworn interviews or depositions regarding the defendant's assets. The defendant understands that the Government will consider compliance with these disclosure obligations when making a recommendation to the Court regarding the defendant's acceptance of responsibility.

12. **Government's Reservation of Rights.** The Government reserves the right to comment on the evidence supporting the offense conduct in this case and the right to oppose any position advanced by the defendant at sentencing that might be inconsistent with this plea agreement. The Government also reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The Government further reserves the right to oppose, when consistent with this plea agreement, any arguments the defendant might advance on direct appeal or in post-conviction proceedings. In particular, the Government remains free to defend the legality and propriety of the defendant's sentence on appeal or collateral attack, even if the Court chooses not to follow any recommendation made by the Government.

13. **Waiver of Constitutional Rights.** The defendant understands that a guilty plea is a complete and final admission of guilt, that by pleading guilty the defendant waives certain constitutional rights, and that the Court will adjudge the defendant guilty without a trial. In particular, the defendant acknowledges being advised of, understanding, and knowingly and voluntarily waiving (1) the right to plead not guilty and to persist in a plea of not guilty; (2) the right to be presumed innocent until the defendant's guilt has been established beyond a reasonable doubt at trial; (3) the right to a jury trial; (4) the right to be represented by, and receive the effective assistance of, counsel—and if necessary, have the Court appoint counsel—

at trial and at every stage of the proceeding; (5) the right to confront and cross-examine adverse witnesses at trial; (6) the right to be protected from compelled self-incrimination; and (7) the rights to testify, to present evidence, and to compel or subpoena a witness to appear on the defendant's behalf at trial.

14. **Loss of Rights.** The defendant understands that by pleading guilty to a felony offense the defendant will lose the right to possess a firearm or ammunition and might be deprived of other rights, such as the right to vote or register to vote, hold public office, or serve on a jury. The defendant further understands that during the change of plea hearing, the Court may ask the defendant questions about the offense underlying the defendant's guilty pleas, and if the defendant answers those questions under oath and in the presence of counsel, the defendant's answers may later be used against the defendant in a prosecution for perjury or making a false statement.

15. **Waiver of Pre-Trial Motions.** The defendant understands the right to file certain pre-trial motions and knowingly and voluntarily withdraws any pending motions, waives the right to have any pending motions resolved, and waives the right to file any additional pre-trial motions in this case. This waiver includes, but is not limited to, any motions based on the statute of limitations, the Speedy Trial Act, or any grounds enumerated in Federal Rule of Criminal Procedure 12(b)(3).

16. **Waiver of Appellate and Post-Conviction Rights.** The defendant understands and acknowledges the right to directly appeal the conviction or sentence in this case and any right to challenge the conviction or sentence collaterally through post-conviction proceedings, including through proceedings under 28 U.S.C. § 2255, 28 U.S.C. § 2241, and *corum nobis*. In exchange for the concessions made by the Government in this plea agreement, the defendant knowingly and voluntarily waives all rights to directly appeal or collaterally attack the

conviction or sentence on any non-jurisdictional ground except (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) a sentence greater than the statutory maximum. These are the only non-jurisdictional grounds for direct appeal or collateral attack not waived by this plea agreement.

The grounds for direct appeal or collateral attack that are waived include, but are not limited to, the following: sentencing errors such as a misapplication of the United States Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence; any restitution or forfeiture order; any challenge to the constitutionality of the statute or statutes to which the defendant is pleading guilty or under which the defendant is sentenced; any argument that the defendant's admitted conduct does not fall within the scope of the statute or statutes to which the defendant is pleading guilty; any argument that the defendant's plea was not voluntary; and any argument that the defendant's constitutional rights were violated, other than due to ineffective assistance of counsel or prosecutorial misconduct.

If, however, the Government exercises its right to appeal the sentence imposed under 18 U.S.C. § 3742(b), the defendant is released in part from this waiver and may cross-appeal the sentence imposed as allowed under 18 U.S.C. § 3742(a) with respect to any issues that have not been agreed upon in this agreement.

The defendant acknowledges discussing this appeal waiver with counsel and understanding its terms. The defendant waives any explanation of the terms of this waiver under Federal Rule of Criminal Procedure 11(b)(1)(N).

17. **Waiver of FOIA Request.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974.

13

Case 4:24-cr-00157-SRB    Document 30    Filed 01/20/26    Page 13 of 15

**18.     Defendant's Breach of Plea Agreement.** If the Court determines the defendant committed any crime or violated any condition of release between the signing of this agreement and the date of sentencing; failed to appear for sentencing; provided intentionally misleading, incomplete, or untruthful information to the Government, the United States Probation Office or the Court; or otherwise breached any term of this plea agreement, the Government will be released from its obligations under this agreement and will retain the right to proceed with the original charges and any other criminal violations established by the evidence. The defendant, however, will remain bound by the terms of this agreement, and will not be allowed to withdraw the guilty plea entered pursuant to this agreement. The defendant likewise will waive the right to challenge the initiation of the dismissed or additional charges following a finding of breach, including by asserting a statute of limitations defense.

**19.     Defendant's Representations.** The defendant acknowledges entering into this plea agreement freely and voluntarily after receiving the effective assistance, advice, and approval of counsel. The defendant acknowledges being satisfied with the assistance of counsel and that counsel has fully advised the defendant of the rights and obligations arising from this agreement. The defendant further acknowledges that no threats or promises, other than the terms and conditions of this agreement, have been made by the Government, the Court, the defendant's counsel, or any other person to induce the defendant to enter a plea of guilty.

**20.     Detention.** At the time the Court accepts the defendant's plea of guilty pursuant to this plea agreement, the United States will not move to detain the defendant. The United States will only move to detain the defendant if he violates his conditions of bond, breaches this plea agreement or possibly at the time of sentencing.

**21.     No Undisclosed Terms.** The parties agree that the above-stated terms and conditions, together with any written supplemental agreement that might be presented to the

Court in camera, constitute the entire plea agreement between the parties and that any purported term or condition not expressly set forth in this agreement, or an in-camera supplement, is not enforceable.

R. Matthew Price
United States Attorney

Dated: 1/20/26

_____
William A. Alford III
Assistant United States Attorney

I have consulted with my attorney and fully understand all of my rights with respect to the offenses charged in the indictment. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the United States Sentencing Guidelines. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this plea agreement and I voluntarily agree to it.

Dated: _____

_____
Delron Montrez Pickens
Defendant

I am defendant Delron Montrez Pickens's attorney. I have fully explained to my client his rights with respect to the offenses charged in the indictment. Further, I have reviewed with my client the provisions of the United States Sentencing Guidelines which might apply in this case. I have carefully reviewed every part of this plea agreement with my client. To my knowledge, Delron Montrez Pickens's decision to enter into this plea agreement is an informed and voluntary one.

Dated: 1.20.26

_____
Lesley Smith
Assistant Federal Public Defender
Attorney for Defendant